Verhoeven v. Ingebrutsen et al., 205 Ill. App. 317. .

2. BILLS AND NOTES, § 420*—*when exclusion of evidence that plaintiff had received payment for his indorsement is erroneous.* Refusal of the court to allow defendant in an action on an indorsed note by the indorser to show that plaintiff had received money for his indorsement and that he should not· be permitted to recover more than he had paid, *held* not to be error.

3. BILLS AND NOTES, § 258*—*when defense of maker of lack of consideration and use in violation of agreement is unavailable against indorser.* A defense by the maker of a note sued on by an indorser thereon that the note was without consideration and was used by the party procuring its execution in violation of an agreement with defendant, *held* not to be available to defendant in such action where plaintiff indorsed the note after defendant had executed and indorsed it and there was no evidence tending to show plaintiff had knowledge of such agreement.

---

Peter J. Verhoeven for use of Clarence Verhoeven, Assignee, Appellee, v. J. Otto Ingebrutsen and Anna Ingebrutsen, Appellants.

Gen. No. 22,751.    (Not to be reported in full.)

Appeal from the Circuit Court of Cook county; the Hon. FREDERICK A. SMITH, Judge, presiding. Heard in this court at the October term, 1916. Affirmed. Opinion filed April 16, 1917.

### Statement of the Case.

Bill by Peter J. Verhoeven, for use of Clarence Verhoeven, assignee, complainant, against J. Otto Ingebrutsen and Anna Ingebrutsen, defendants, to enforce a subcontractor's lien under the Mechanics' Lien Act. From a decree for the complainant for the sum of $485, defendants appeal.

JOHN B. FRUECHTL, for appellants.

COONEY & VERHOEVEN, for appellee.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

MR. JUSTICE DEVER delivered the opinion of the court.

## Abstract of the Decision.

1. APPEAL AND ERROR, § 410*—*when objection as to defect of parties is too late.* Where a petition by a subcontractor to establish a lien under the Mechanics' Liens Act and the summons issued thereon made the original contractor a defendant with the owner of the building on which the lien was sought to be established, but no service was had on the original contractor and the suit proceeded to decree against the owner alone, a complaint that the original contractor should have been made a party to the proceeding, *held* to be too late when first made on appeal.

2. MECHANICS' LIENS—*when owner charged with notice of right of subcontractors to enforce payment of contracts out of building.* The owner of a building is bound by law with notice of the existence under the Mechanics' Liens Law of the fact that subcontractors would, within the specified legal time, have the right to enforce payment of their contracts with the original contractor from such owner out of such building.

3. MECHANICS' LIENS, § 196*—*when need not be shown that owner owed original contractor.* It is not necessary, in a suit to enforce a subcontractor's lien under the Mechanics' Liens Act, to show that the owner owed the original contractor at the time the subcontractor served a lien notice on the owner.

4. MECHANICS' LIENS, § 196*—*when evidence sufficient to show petition to enforce is filed in apt time.* Evidence *held* to show that a petition to enforce a subcontractor's lien under the Mechanics' Liens Act was filed in apt time after completion of the work.

5. MECHANICS' LIENS, § 196*—*when evidence is sufficient to show that owners did not make premature payment.* Evidence *held* sufficient to show that the owners of a building did not pay the sum due under their contract before the work required by it was in fact completed, in a suit to enforce a subcontractor's lien under the Mechanics' Liens Act.

6. MECHANICS' LIENS, § 196*—*when evidence is sufficient to show waiver by owners of time of completion of work.* Evidence *held* sufficient to show that the owners of a building waived their right to insist on a provision of their contract with. original contractor for completion of the work by a certain date specified therein, in a suit by a subcontractor to establish his lien under the Mechanics' Liens Act.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.