## Niels P. Nielsen et al., Defendants in Error, v. Frank Enchius et al., Plaintiffs in Error.

## Gen. No. 23,540.

1. MECHANICS' LIENS, § 61*—*when materialman entitled to lien.* Where material is sold on 30 days' credit by a materialman to a contractor and used by the contractor in the construction of a building, the materialman is entitled to a lien on the property for the unpaid purchase price of the materials.

2. MECHANICS' LIENS, § 196*—*when value of materials furnished by materialman shown.* Evidence sufficient to show the market value of materials sold by a materialman to a building contractor and used by the latter in the construction of a building is sufficient to establish the value of the materials.

3. MECHANICS' LIENS, § 197*—*what constitutes prima facie case in suit by materialman to enforce lien.* A prima facie case in favor of a materialman, complainant in a suit for the enforcement of a mechanic's lien for materials furnished to a contractor and used in the construction of a building, is made out where complainant shows that he has complied with the provisions of the act and that his claim is still unpaid, and it is unnecessary that complainant show that there is something due from the owner to the contractor.

4. MECHANICS' LIENS, § 197*—*presumption as to compliance with act by owner and contractor.* In an action for the enforcement of a materialman's lien against premises, it must be presumed that the owner and contractor have complied with the provisions of the act.

5. MECHANICS' LIENS, § 197*—*when presumed that owner has not paid contractor.* In an action for the enforcement of a materialman's lien against premises for materials furnished to the contractor, it must be presumed that the owner has not paid the contractor, since he could not pay the contractor rightfully until he had first paid subcontractors for materials furnished.

6. MECHANICS' LIENS, § 197*—*when burden on owners to show that they have rightfully paid contractor.* Where materialmen show, in proceedings against the owners of a building to enforce a mechanic's lien for materials furnished to the contractor constructing the building, that they have complied with all the provisions of the act, and that their claim is unpaid, the burden is then on the owners to show that they have rightfully paid the contractor.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

7. MECHANICS' LIENS, § 202*—*when judgment against owners and contractor is defective.* Section 28 of the Mechanics' Liens Act (J. & A. ¶ 7166), providing that judgments against the owner of property and the contractor, where liens are established, shall recite the date from which the liens attached, is in derogation of the common law and must be strictly followed, and, hence, a judgment which does not recite anything about a lien is defective.

8. APPEAL AND ERROR, § 1802*—*when reversal and remandment proper.* Where a judgment in mechanics' liens proceedings is fatally defective because not reciting the date from which the lien attached, the judgment will be reversed and the cause remanded.

Error to the Municipal Court of Chicago; the Hon. NELS LARSON, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1917. Reversed and remanded. Opinion filed November 6, 1918.

JACOB LEVY and JOSIAH BURNHAM, for plaintiffs in error.

HENRY N. STOLTENBERG, for defendants in error.

MR. PRESIDING JUSTICE O'CONNOR delivered the opinion of the court.

Plaintiffs brought suit in the Municipal Court of Chicago, claiming $144.75. There was a judgment against defendants for this amount, to reverse which this writ of error is prosecuted.

The record discloses that the defendants John Kulikausky and wife were the owners of real estate in Chicago, on which was located a store which they desired to have remodeled, and for that purpose they entered into a written contract with the defendant Frank Enchius. The contract provided that the latter should furnish at his own expense all labor and material for the completion of the work. The contractor entered upon the work and purchased material from the plaintiffs which was used in the building. Plaintiffs sold

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

material to the contractor on 30 days' credit, and their claim not having been paid, they served notice for lien on the owners of the premises, and afterwards brought this suit. Judgment was entered against all the defendants, but the owners of the property only seek a reversal of the judgment.

It is contended that the judgment is erroneous for the reason that the evidence shows that the plaintiffs sold the goods on credit on an open account to the contractor, and that in such case there can be no lien on the property; and further that the evidence was not sufficient to establish the value of the materials, nor the date on which the last of them were delivered. The material was sold on 30 days' credit, was used by the contractor in the building, and the last delivery was made about May 15th. There was also evidence sufficient to show the market value of the material. We think this was all that was required in this regard.

It is further insisted that it was incumbent upon the plaintiffs to prove, as a part of their case, that at the time of the service of the notice for mechanic's lien on the owners, there was then at least the amount of plaintiffs' claim due from the owners to the contractor; that this burden was on the plaintiffs, and as there was no evidence offered on this point, plaintiffs failed to make out a case. In support of this, authorities are cited from this court and earlier cases from the Supreme Court. We think it would serve no useful purpose to analyze these authorities, for the statute on mechanics' liens has been changed from time to time. Section 28 of the Act (J. & A. ¶ 7166), under which this suit is brought, provides that a subcontractor may sue the contractor and owners and obtain a personal judgment. This section then provides: "In such actions at law * * * the owner shall be liable to the plaintiff for no more than the *pro rata* share that such person would be entitled to with other sub-contractors out of the funds due to the contractor from the owner under the

contract between them, * * * and such action at law shall be maintained against the owner only in case the plaintiff establishes his right to the lien. All suits and actions by sub-contractors shall be against both contractor and owner jointly. * * * All such judgments, where the lien is established shall be against both jointly, but shall be enforced against the owner only to the extent that he is liable under his contract as by this act provided, and shall recite the date from which the lien thereof attached according to the provisions of sections one (1) to twenty (20) of this act." Section 5 (J. & A. ¶ 7143) provides that it shall be the duty of the contractor to give the owner and the duty of the owner to require of the contractor, before the owner shall pay to the contractor any moneys due or to become due, a statement in writing made under oath, or verified by affidavit, of the names of all parties furnishing material and labor, and the amounts due or to become due each. Section 27 (J. & A. ¶ 7165) provides that when the owner is notified of the names of the parties furnishing labor and materials and the amounts due, he shall retain from the money due or to become due the contractor an amount sufficient to pay all demands due persons furnishing material and labor, etc., and shall pay the same to the parties entitled thereto. Section 32 (J. & A. ¶ 7170) provides that no payment made by the owner to the contractor shall be regarded as rightfully made to the contractor as against a subcontractor, laborer, or party furnishing labor or material, without the provisions of section 5 having been complied with—without a written statement showing the names and the amounts due the several parties furnishing materials, etc.

If the defendants' contention is sustained, i. e., that before the plaintiffs could recover they must show that there was something due from the owner to the contractor, the provisions of the act which seek to protect subcontractors and materialmen would be of no

avail, for if the owner had paid the contractor in full, then there could be no recovery by a subcontractor. This construction is of course manifestly unsound. We think the true rule in such case is that where a subcontractor, who has furnished material which is used in the building, shows that he has complied with all of the provisions of the act, and that his claim is still unpaid, that he then makes out a prima facie case, for it must be presumed that the owner and contractor have complied with the act, and if this has been done, the owner knows that the subcontractor has furnished material, and that the same is unpaid. And it must further be presumed that he has not paid the contractor, for under the act he could not pay the contractor rightfully until he had first paid the subcontractors for the materials furnished.

In the instant case, when the plaintiffs showed they had complied with all the provisions of the act and that their claim was unpaid, the burden was then upon the owners to show, if they could, that they had rightfully paid the contractor. This they failed to do. (See *Verhoeven v. Ingebrutsen,* 205 Ill. App. 317.)

There is, however, a fatal defect in the judgment which we cannot cure here. The statute says that "all such judgments * * * shall recite the date from which the lien thereof attached. * * *" The judgment in this case does not recite anything about a lien. The statute is in derogation of the common law and must be strictly followed, and as the judgment is defective, it is reversed and the cause remanded.

*Reversed and remanded.*